**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NICHOLAS REGTER,<br><br>          Plaintiff - Appellant,<br><br>     v.<br><br>STRYKER CORPORATION and<br>STRYKER SALES CORPORATION,<br><br>          Defendants - Appellees. | No. 13-56089<br><br>D.C. No. 8:13-cv-00014-R-SS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 5, 2015
Pasadena, California

Before: BYBEE and BEA, Circuit Judges and FOOTE,[**] District Judge.

Plaintiff Nicholas Regter appeals the district court's decision to grant

defendants-appellees' motion to dismiss his First Amended Complaint ("FAC").

The district court found the complaint's allegations establish the statute of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Elizabeth E. Foote, District Judge for the U.S. District Court for the Western District of Louisiana, sitting by designation.

limitations had expired on Regter's claims. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's decision de novo. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011).

Under the California law applicable in this diversity case, the statute of limitations "for an injury to an individual caused by the wrongful act or neglect of another" is two years. *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 921 n.3 (Cal. 2005); Cal. Civ. Proc. Code § 335.1. The FAC alleged Regter had surgery on his shoulder in January 2007, immediately after which Regter used one of the defendants-appellees' allegedly defective pain pumps to manage his pain. The FAC also alleged Regter became aware of the shoulder injury at issue in June 2010 when his doctor diagnosed him with a condition consistent with chondrolysis. Finally, the FAC alleged Regter pursued medical attention for the cartilage degeneration (chondrolysis) in his shoulder between 2007 and 2012, but that his doctors did not advise him until February 2012 that the defendants-appellees' pain pump potentially caused his chondrolysis. Regter filed his initial complaint against defendants-appellees in November 2012, and thus outside the two-year period after his initial shoulder injury diagnosis, but within two years of his first being advised by his doctor of the pain pump's role in causing his injury. The FAC alleges sufficient facts to support application of the "discovery rule" under California law.

2

*Fox*, 110 P.3d at 921 (explaining the "discovery rule" tolls the statute of limitations if the plaintiff can "show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." (citation omitted)). Regter adequately alleged that he was reasonably diligent in discovering the cause of his injury when he alleged that he sought medical attention and relied on his treating physician to inform him of the injury's cause. The district court therefore erred in granting the defendants-appellees' motion to dismiss the FAC with prejudice. We reverse and remand to the district court for further proceedings, including, if necessary, leave to amend the FAC further.

**REVERSED AND REMANDED.**